UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET POWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | Civil Action No.<br>15-12913-FDS |

MEMORANDUM AND ORDER

SAYLOR, J.

I.     Background

This is an action against the United States Postal Service. Plaintiff Margaret Powell contends that the post office in Malden, Massachusetts, has refused to deliver mail to her through its General Delivery service.[1]

The complaint alleges that Powell went to the Malden post office on June 3, 2015, and asked for mail addressed to her by General Delivery. (Compl. at 1). According to the complaint, the postmaster was initially unwilling to release her mail, telling her that customers must rent a post office box in order to retrieve mail at the post office. (*Id.*). It further alleges that the postmaster threatened to call the police and asked Powell to leave. (*Id.*). After a twenty-minute delay, however, the postmaster reportedly released one piece of mail to Powell. (*Id.*).

The complaint alleges that a similar incident occurred on July 2, 2015. (*Id.*). It alleges

---

[1] The Court summarizes the facts as alleged by the plaintiff and makes no findings as to their validity.

that a different postal worker at the Malden post office informed Powell that the post office did not provide General Delivery service. (*Id.*). The postal worker reportedly told Powell that the postmaster was not available to speak with her about the matter. (*Id.*). The complaint alleges that she was expecting mail from the federal government, due to arrive on July 2, 2015, at the Malden post office by General Delivery. (*Id.*). Although Powell was expecting additional mail to be delivered to her, she has only received the one item. (Compl. pp. 1-2).

## II.     Discussion

### A.     Motion for Preliminary Injunction

Plaintiff has moved for a preliminary injunction seeking to prevent the United States Postal Service from detaining, obstructing, delaying, or destroying mail addressed to her. (Dkt. 16). In considering whether to grant a motion for a preliminary injunction, courts are required to consider four factors: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, *i.e.*, the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996).

It does not appear that plaintiff is likely to succeed on the merits of her claim, because the Court lacks subject-matter jurisdiction over the matter. By statute, "the United States district courts shall have original but not exclusive jurisdiction" over actions brought against the U.S. Postal Service. 39 U.S.C. § 409(a). That jurisdiction, however, is subject to certain exceptions. *See* 39 U.S.C. §§ 409(a), 3662(a). One of those exceptions concerns matters relating to § 403(c), which provides that "[i]n providing services . . . the Postal Service shall not, except as specifically authorized in this title, make any undue or unreasonable discrimination among users

of the mails, nor shall it grant any undue or unreasonable preferences to any such user." 39 U.S.C. § 403(c).  Another exception involves matters relating to § 3661(a), which provides that "[t]he Postal Service shall develop and promote adequate and efficient postal services."  39 U.S.C. § 3661(a).  Complaints under §§ 403(c) and 3661(a) may be lodged with the Postal Regulatory Commission ("PRC").  39 U.S.C. § 3662(a).

The Eighth, Tenth, and Federal Circuits have all interpreted those statutes to hold that federal courts lack subject-matter jurisdiction for complaints to the Postal Service concerning rates and service.  *See Foster v. Pitney Bowes Corp.*, 549 F. App'x 982, 986 (Fed. Cir. 2013); *Erickson v. United States Post Office*, 250 F. App'x 757, 757 (8th Cir. 2007); *LeMay v. United States Postal Service*, 450 F.3d 797, 799 (8th Cir. 2006); *Bovard v. United States Post Office*, 1995 WL 74678, at *1 (10th Cir. Feb. 24, 1995).  Those courts have held that a complainant must first seek a remedy through the PRC pursuant to 39 U.S.C. § 3662(a).  Although the plaintiff in *LeMay v. United States Postal Service* challenged the permissive language of the statute, arguing that § 3662 indicates that complaints "may" be brought to the PRC, the Eighth Circuit rejected that position.  *See* 450 F.3d at 799.

In *Erickson*, the Eighth Circuit held that the PRC has "exclusive jurisdiction" over "claims regarding postal rates and services."  *See* 250 F. App'x at 757; *see also LeMay*, 450 F.3d at 800 (holding that "[u]nhappy postal patrons were given recourse to the PRC" and must use the PRC, not the courts, to resolve complaints regarding service); *Bovard*, 1995 WL 74678, at *1 (holding that § 3662 limits remedies for service complaints to the PRC and stating that "Congress did not intend to create a private right of action for service complaints").

The District Court for the District of Massachusetts reached a similar conclusion in *Hollander v. United States Postal Service*, 1988 WL 138754, at *1 (D. Mass. Dec. 20, 1988).

There, the court found that there was no subject-matter jurisdiction over a dispute concerning a local post office's decision to change the location of residential mail delivery (by delivering to a curbside mailbox rather than an individual's front door). *See id.* Instead, the court ruled that "complaints of this type must be addressed to the Postal [Regulatory] Commission rather than the district court." *Id.*

Accordingly, it does not appear that this Court has subject-matter jurisdiction to hear plaintiff's complaint, which in substance is a complaint about the poor quality of General Delivery service at the Malden post office. Assuming her allegations are valid, Powell must pursue her complaint directly with the Postal Service through the Postal Regulatory Commission. 39 U.S.C. § 3662(a). If she is dissatisfied with the resolution provided by the PRC, she may seek relief from the United States Court of Appeals for the District of Columbia within thirty days of a final decision from the PRC. 39 U.S.C. § 3663.

### B.     Motion for Hearing

Plaintiff filed a motion for hearing on August 25, 2015. (Dkt. 18). In light of the Court's determination that it lacks subject-matter jurisdiction to hear this complaint, plaintiff's motion for hearing will be denied.

### C.     Show-Cause Order

Rather than dismiss this action outright, the Court will give plaintiff 28 days in which to show cause in writing why this action should not be dismissed for lack of subject-matter jurisdiction.

## III.   Conclusion

For the foregoing reasons,

1.     Plaintiff's motion for preliminary injunction is DENIED without prejudice;

2. Plaintiff's motion for hearing is DENIED without prejudice; and

3. Plaintiff shall show cause, in writing, within 28 days of the date of this order, why this action should not be dismissed for lack of subject-matter jurisdiction.

**So Ordered.**

Dated: February 2, 2016

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge